# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO TAPIA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>　　　　Respondent. | Case No. 1:17-cv-00559-AWI-EPG-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Gerardo Tapia is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Petitioner challenges a prison disciplinary proceeding in which he was found guilty of possessing inmate-manufactured alcohol.

The undersigned recommends denial of the petition because the state court's denial of habeas relief was not contrary to, or an unreasonable application of, clearly established federal law.

**I.**

**BACKGROUND**

Petitioner currently is in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). According to the Rules Violation Report ("RVR"), on January 6,

1 | 2016, Correctional Officer P. Nkwocha conducted a random search of the cell occupied by
2 | Petitioner and Inmate Yepez. Officer Nkwocha found under the bottom bunk a large, clear trash
3 | bag filled with a liquid that appeared to be inmate manufactured alcohol. Officer Nkwocha asked
4 | both Petitioner and Inmate Yepez to whom the alcohol belonged, and Yepez answered that the
5 | alcohol was his. (ECF No. 11 at 30).

Petitioner was charged with possession of inmate manufactured alcohol in RVR Log No. CCI-C-16-01-0006. (ECF No. 11 at 30). A disciplinary hearing was held on January 21, 2016. Petitioner pleaded not guilty. (ECF No. 11 at 31). The Senior Hearing Officer ("SHO") found Petitioner guilty of possession of inmate manufactured alcohol, a Division C offense. Petitioner was assessed 120-day credit forfeiture and 30-day loss of privileges. (ECF No. 11 at 32).

After administratively appealing the decision, Petitioner filed a petition for writ of habeas corpus in the Kern County Superior Court. (ECF No. 11 at 13–49). The petition was denied on December 5, 2016. (ECF No. 11 at 51–53). Thereafter, Petitioner filed a habeas petition in the California Court of Appeal, Fifth Appellate District, which denied the petition on February 2, 2017 with citation to In re Zepeda, 141 Cal. App. 4th 1493, 1500 (Cal. Ct. App. 2006). (ECF No. 11 at 55–107). Finally, Petitioner filed a habeas petition in the California Supreme Court, which summarily denied the petition on March 29, 2017. (ECF No. 11 at 109–28).

On April 21, 2017, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). Respondent has filed an answer to the petition, and Petitioner has filed a traverse. (ECF Nos. 11, 12).

**II.**

**DISCUSSION**

**A. Standard of Review**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

Under AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Davis v. Ayala, 135 S. Ct. 2187, 2198 (2015); Harrington v. Richter, 562 U.S. 86, 97–98 (2011); Williams v. Taylor, 529 U.S. 362, 413 (2000). Thus, if a petitioner's claim has been "adjudicated on the merits" in state court, "AEDPA's highly deferential standards" apply. Ayala, 135 S. Ct. at 2198. However, if the state court did not reach the merits of the claim, the claim is reviewed *de novo*. Cone v. Bell, 556 U.S. 449, 472 (2009).

In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. In addition, the Supreme Court decision must "'squarely address[] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under AEDPA and the Court must defer to the state court's decision. Moses v. Payne, 555 F.3d 742, 754 (9th Cir. 2008) (alterations in original) (quoting Wright v. Van Patten, 552 U.S. 120, 125, 123 (2008)).

If the Court determines there is clearly established Federal law governing the issue, the Court then must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, [the] clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established Supreme Court precedent if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A state court decision involves "an unreasonable application of[] clearly established Federal law" if "there is no possibility

fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Richter, 562 U.S. at 102. That is, a petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103.

If the Court determines that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," and the error is not structural, habeas relief is nonetheless unavailable unless it is established that the error "had substantial and injurious effect or influence" on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (internal quotation mark omitted) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)).

AEDPA requires considerable deference to the state courts. The Court looks to the last reasoned state court decision as the basis for the state court judgment. See Brumfield v. Cain, 135 S. Ct. 2269, 2276 (2015); Johnson v. Williams, 568 U.S. 289, 297 n.1 (2013); Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013). "Independent review of the record is not *de novo* review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). The federal court must review the state court record and "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Richter, 562 U.S. at 102.

1 **B. Review of Claim**

2 Petitioner argues that his rules violation should be expunged given that his cellmate
3 admitted that the alcohol was his. Petitioner raised this sufficiency of the evidence claim in all
4 three of his state habeas petitions. The Kern County Superior Court denied the claim in a
5 reasoned decision. (ECF No. 11 at 52). The California Court of Appeal, Fifth Appellate District
6 denied the petition with citation to In re Zepeda, 141 Cal. App. 4th 1493, 1500 (Cal. Ct. App.
7 2006). (ECF No. 11 at 107). The California Supreme Court summarily denied the petition. (ECF
8 No. 11 at 128).

9 Generally, federal courts "look through" summary denials and review the last reasoned
10 state court opinion. See Brumfield, 135 S. Ct. at 2276; Ylst, 501 U.S. at 806. Although
11 Respondent asserts that the Kern County Superior Court's decision was the last reasoned
12 opinion, (ECF No. 11 at 7), the last reasoned opinion is the California Court of Appeal's denial
13 of Petitioner's state habeas petition with citation to Zepeda. See Curiel v. Miller, 830 F.3d 864,
14 870 (9th Cir. 2016) (en banc) ("We have no cause to treat a state court's summary order with
15 citations as anything but a 'reasoned' decision, provided that the state court's references reveal
16 the basis for its decision.").

17 The portion of Zepeda cited by the California Court of Appeal states in pertinent part:

> Zepeda's reliance on the evidence that supports his assertion not to have known about the razor blades, such as his cellmate's acknowledgement of ownership and Zepeda's own claim of innocence, does not change the analysis under *Hill*. *Hill* emphasizes that the reviewing court is not to engage in an "examination of the entire record" or "weighing of the [conflicting] evidence." (*Hill, supra,* 472 U.S. at p. 455, 105 S.Ct. 2768.) Rather the narrow role assigned to the reviewing court is solely to determine whether there is "*any evidence* in the record that *could support* the conclusion reached by the disciplinary board." (*Id.* at pp. 455–456, 105 S.Ct. 2768, italics added.) Here, there is such evidence, even if, as Zepeda contends, there is other evidence that supports his assertion of innocence. Consequently, the trial court erred in reversing the disciplinary action taken by the prison against Zepeda.

26 Zepeda, 141 Cal. 4th at 1500.

27 While the United States Constitution does not guarantee good time credit, an inmate has a
28 liberty interest in good time credit when a state statute provides such a right and delineates that it

5

is not to be taken away except for serious misconduct. Wolff v. McDonnell, 418 U.S. 539, 557 (1974) ("It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison. But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior."). Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Id. at 555. Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent v. Hill, 472 U.S. 445, 454–55 (1984)).

In addition to various procedural requirements for disciplinary proceedings as set forth in Wolff, due process requires that there be "some evidence" to support the disciplinary decision to revoke good time credits. Hill, 472 U.S. at 454–55. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is *any evidence* in the record that could support the conclusion . . . ." Id. at 455–56 (emphasis added).

Here, although Petitioner's cellmate asserted that the alcohol belonged to him, the written report of the incident provides that the alcohol, which emitted a strong odor, was located under the lower bunk in Petitioner's cell in an area easily accessible to both Petitioner and his cellmate. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Hill, 472 U.S. at 457. Thus, the Court finds that the state court's denial of Petitioner's sufficiency of the evidence claim was not contrary to, or an unreasonable application of, clearly established federal law. The Court must defer to the state court's decision. Accordingly, Petitioner is not entitled to habeas relief.

///

///

///

# III.

# RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 18, 2017**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE